IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Kevin M. JERECZEK, Attorney at Law.

Supreme Court

*No. 96–0795–D. Filed April 18, 1996.*

(Also reported in 546 N.W.2d 457.)

PER CURIAM. We review, pursuant to SCR
21.09(3m),[1] the complaint filed by the Board of Attor-

---

[1] SCR 21.09 provides, in pertinent part:

**Procedure.**

. . .

(3m)  The board may file with a complaint a stipulation by the
board and the respondent attorney to the facts, conclusions of law

69

neys Professional Responsibility (Board) alleging that Attorney Kevin M. Jereczek engaged in professional misconduct and the parties' stipulation to those allegations and to the imposition of a 60-day license suspension as discipline for it. The misconduct consists of Attorney Jereczek's having acted in the presence of a conflict of interest without a former client's written consent after consultation, his neglect of two client legal matters and failure to contact the client in one of them, his continuing to practice law while ineligible for failure to comply with continuing legal education requirements, and his misrepresentation to a court concerning his eligibility to appear in a proceeding.

We determine that the professional misconduct to which the parties have stipulated warrants the suspension of Attorney Jereczek's license to practice law in Wisconsin for 60 days. This is the second time he is being subjected to discipline for misconduct, and the misconduct established in this proceeding constitutes a serious breach of his professional obligations to clients and to the courts.

Attorney Jereczek was admitted to practice law in Wisconsin in 1988 and practices in Green Bay. He was suspended from practice June 6, 1995 for failure to comply with continuing legal education requirements and reinstated August 23, 1995. He was disciplined

and discipline to be imposed. The supreme court may consider the complaint and stipulation without appointing a referee. If the supreme court approves the stipulation, it shall adopt the stipulated facts and conclusions of law and impose the stipulated discipline. If the supreme court rejects the stipulation, a referee shall be appointed pursuant to sub. (4) and the matter shall proceed pursuant to SCR chapter 22. A stipulation that is rejected has no evidentiary value and is without prejudice to the respondent's defense of the proceeding or the board's prosecution of the complaint.

previously by the Board, which privately reprimanded him in February, 1993 for having drafted and presented to a third person a document he misrepresented as a conformed copy of a court order in his divorce action when in fact no such order existed and no divorce action had been filed.

The parties stipulated in this proceeding to the following misconduct. In February, 1993, Attorney Jereczek was associated with a law firm whose principal lawyer previously had represented a person in various business matters. When, on February 5, 1993, that person's business partner asked the law firm for legal assistance, the firm's principal referred him to Attorney Jereczek.

Attorney Jereczek met with the new client for approximately one hour, during which he was given a detailed history of the real estate transactions between that client and his partner. Shortly before that meeting, the client had received a notice from the owners of the property where the partnership's business was conducted that they intended to sell it to a third party, and the client sought legal assistance concerning his rights and options. The client told Attorney Jereczek of various difficulties he was having with his partner concerning the business and stated that the partnership eventually would be dissolved. Attorney Jereczek then discussed the need for the client to send a letter to his partner notifying him of the receipt of an option to purchase and related matters. The meeting resulted in an attorney-client relationship.

Shortly after that meeting, the client learned that the law firm had done legal work for his partner and told Attorney Jereczek he did not believe it would be in his or Attorney Jereczek's best interests to continue the representation in these matters because of the firm's

prior representation of his partner. The attorney-client relationship then terminated.

The following month, the man's partner went to the law firm for advice concerning his rights in the partnership and the option to purchase the business property. Attorney Jereczek assisted that client in writing a letter to his partner, the former client, claiming a right of first refusal regarding the sale or purchase of that property and claiming that, under the general partnership agreement, he should have been consulted. The letter further put the former client on notice that the client claimed a one-third ownership interest in the property the former client was attempting to acquire.

The business relationship between the partners deteriorated and Attorney Jereczek drafted the summons and complaint commencing an action by the client against the former client in January, 1994. The former client objected to that representation on the ground that he had met with Attorney Jereczek previously and had disclosed confidential information to him. Even after the former client filed a grievance with the Board, Attorney Jereczek continued representing the client against him.

The parties stipulated that Attorney Jereczek's conduct in this matter violated SCR 20:1.9(a),[2] as a conflict of interest resulting from representing a person in a matter in which the lawyer formerly represented a

---

[2] SCR 21.09 provides, in pertinent part:

**Conflict of interest: former client**

A lawyer who has formerly represented a client in a matter shall not:

(a) represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents in writing after consultation;

client in which their interests are materially adverse, without the former client's written consent after consultation.

In a second matter, Attorney Jereczek was retained in March, 1993 to represent a client in a divorce action. Prior to the commencement of that action and while it was pending, the client asked Attorney Jereczek to obtain for him as much child visitation as possible. The temporary visitation order was unsatisfactory to the client in that respect and he tried unsuccessfully many times to have Attorney Jereczek petition to have it amended, but Attorney Jereczek did not do so. The final hearing in the action was postponed several times and as of one week prior to the final hearing date, Attorney Jereczek had done no preparation. He also failed to notify the client of the date of the hearing and prepared no financial disclosures, with the result that the client had to retain other counsel to proceed with the hearing.

The divorce client had suffered a personal injury prior to retaining Attorney Jereczek and spoke with him about representing him on that claim. Although he denied ever having agreed to represent the client in the matter, Attorney Jereczek misrepresented in a letter of September 13, 1993 that he was acting on behalf of the client in the personal injury case, which he expected to be resolved within three to six months.

The parties stipulated that the foregoing conduct constituted failure to act with reasonable diligence and promptness in representing a client, in violation of

SCR 20:1.3,[3] and misrepresentation, in violation of SCR 20:8.4(c).[4]

A third matter concerned Attorney Jereczek's conduct in a foreclosure for which he was retained in October, 1993 and given a $500 retainer. The client had sold real estate on a land contract and sought to have it foreclosed against the purchaser's assignee. The client repeatedly tried to contact Attorney Jereczek regarding the status of the foreclosure but he would not return her calls. Attorney Jereczek never commenced a foreclosure action but told the client he had, stating that the reason it was taking so long to get a hearing date was because of a backlog in the court. When the client told the purchaser that a foreclosure action had been commenced, she was told that he had never been served with foreclosure papers.

On May 30, 1994, the client wrote Attorney Jereczek that she had been unable to reach him by telephone and wanted a court date set immediately, asking to be notified of the date and when she could expect to get her property back. Still unable to reach Attorney Jereczek, she contacted his prior law firm, which located the client's file in the matter, with only a copy of the land contract and a list of back taxes in it. Attorney Jereczek was able to produce only three time

---

[3] SCR 20:1.3 provides:

**Diligence**

A lawyer shall act with reasonable diligence and promptness in representing a client.

[4] SCR 20:8.4 provides, in pertinent part:

**Misconduct**

It is professional misconduct for a lawyer to:

. . .

(c)   engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

slips in the matter showing contact with the client and review of the file totaling 1.2 hours.

The property was subsequently sold and the client was paid in full without having to commence a foreclosure action. The client pursued fee arbitration with the State Bar and obtained the refund of her retainer.

The parties stipulated that Attorney Jereczek's conduct constituted a failure to act with reasonable diligence and promptness in representing this client, in violation of SCR 20:1.3, his failure to respond to the client's request for information and keep her informed of the status of her legal matter violated SCR 20:1.4(a),[5] and his misrepresentations concerning the commencement of a foreclosure action and the reasons for the delay in obtaining a court date constituted misrepresentations, in violation of SCR 20:8.4(c).

The last matter concerned Attorney Jereczek's continued practice of law while ineligible to do so because of his failure to comply with continuing legal education requirements. That ineligibility commenced June 6, 1995, and the Board of Bar Examiners notified him and the circuit court in Brown county of that fact. Attorney Jereczek was reinstated August 22, 1995, having complied with the education requirements.

While ineligible to practice law, Attorney Jereczek appeared in circuit court for Brown county on behalf of a defendant in a civil action. On July 21, 1995, before proceeding further, the court asked him whether he had been reinstated to practice, Attorney Jereczek told the court he had been reinstated and was in compliance

---

[5] SCR 20:1.4 provides, in pertinent part:

**Communication**

(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

as of the preceding week. The court then proceeded with the hearing, at which the parties stipulated to dismissal of the action and submission of the matter to arbitration.

The parties stipulated that Attorney Jereczek's conduct in this matter constituted the practice of law in violation of the regulation of the legal profession, contrary to SCR 20:5.5(a)[6] and SCR 22.26(2),[7] and his knowingly false statement of fact to the court violated SCR 20:3.3(a)(1).[8]

We approve the stipulation filed with the complaint and adopt the facts set forth in it concerning Attorney Jereczek's professional misconduct. We also adopt the stipulated conclusions concerning the violations of the Rules of Professional Conduct for Attorneys. The 60-day license suspension to which the parties agreed is appropriate discipline to impose on Attorney Jereczek for that professional misconduct.

---

[6] SCR 20:5.5 provides, in pertinent part:

**Unauthorized practice of law**
A lawyer shall not:
(a)   practice law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction;,

[7] SCR 22.26 provides, in pertinent part:

**Activities on revocation or suspension of license.**
. . .
(2)   A suspended or disbarred attorney may not engage in the practice of law or in any law work activity customarily done by law students, law clerks or other paralegal personnel, except that he or she may engage in law related work for a commercial employer not itself engaged in the practice of law.

[8] SCR 20:3.3 provides, in pertinent part:

**Candor toward the tribunal**
(a)   A lawyer shall not knowingly:
(1)   make a false statement of fact or law to a tribunal;

IT IS ORDERED that the license of Attorney Kevin M. Jereczek to practice law in Wisconsin is suspended for a period of 60 days, commencing May 27, 1996.

IT IS FURTHER ORDERED that within 60 days of the date of this order Kevin M. Jereczek pay to the Board of Attorneys Professional Responsibility the costs of this proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Kevin M. Jereczek to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that Kevin M. Jereczek comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.